FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 24 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PROSPERO JUSTO SANCHEZ,

                Plaintiff,

-against-

ALAN'S R E 99 CENTS & UP INC., *doing business as 99 Cents*, JENNY YANG'S R E 99 CENT STORE, *doing business as 99 Cents*, LEUNG LING, and LONG YANG JIANG,

                Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION
16 CV 1881 (CBA)(LB)**

**BLOOM, United States Magistrate Judge:**

      Plaintiff Prospero Justo Sanchez brings this action against Alan's R E 99 Cents & Up Inc., Jenny Yang's R E 99 Cent Store, Leung Ling, and Long Yang Jiang to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 ("FLSA"), and the New York Labor Law, Art. 6, §§ 190–99, and Art. 19, §§ 650–65 (collectively, "NYLL"). The Honorable Carol Bagley Amon referred the parties' motion for settlement approval to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons stated below, it is respectfully recommended that the parties' motion for settlement approval should be granted as modified herein.

## BACKGROUND

      Plaintiff has been employed in defendants' retail "99 Cents" store, located at 49-05 Roosevelt Avenue in New York, New York, since February 2011. Compl. ¶ 34. Plaintiff alleges that defendants operate as joint employers under the FLSA and NYLL.[1] Compl. ¶¶ 23, 25. Plaintiff is presently employed by defendants. Plaintiff's responsibilities include stocking shelves and

---

[1] Defendants Long Yan Jian and Jenny Yang's R E 99 Cent Store owned and operated the business when plaintiff was first employed. The store was subsequently purchased and is currently operated by defendants Leung Ling and Alan's R E 99 Cents & Up Inc.

1

cleaning the store. Compl. ¶ 35. Plaintiff alleges that up until the filing of this lawsuit, he worked approximately 69 hours per week. Compl. ¶ 39. When plaintiff began working at the store, he was paid a fixed sum of $470 each week. Compl. ¶ 41. In April 2013, his weekly pay was raised to $480 per week, and in April 2014, it was raised again to $500 per week. Compl. ¶¶ 42-43. Plaintiff alleges that despite being promised a 30 minute meal break each day, plaintiff was rarely allowed to take a break. Compl. ¶ 46. Plaintiff maintains that he was always paid in cash and never received statements regarding his wages or hours. Compl. ¶¶ 49, 56. Plaintiff alleges that he was not paid minimum wage, and he was deprived overtime compensation for every hour he worked beyond 40 each week. Finally, plaintiff alleges that he was never given any notice in English or Spanish (plaintiff's first language), regarding his rate of pay or other information required by NYLL. Compl. ¶ 50. Plaintiff brings his claims under the FLSA and the NYLL alleging that he was denied minimum wage, overtime compensation, and spread of hours pay, and that defendants violated the FLSA and NYLL's notice and record keeping requirements.

## PROCEDURAL HISTORY

Plaintiff filed the original complaint on April 18, 2016, ECF No. 1, and a first amended complaint on December 15, 2016, 2015. ECF No. 20. Defendants Alan's R E 99 Cents & Up Inc. and Leung Ling answered plaintiff's complaint on December 27, 2016. ECF No. 21. Defendants Jenny Yang's R E 99 Cent Store and Long Yang Jiang answered the amended complaint on March 2, 2017. ECF No. 28. The Court held a settlement conference on March 29, 2017; however, the parties were unable to reach settlement at that time. The parties completed discovery on May 15, 2017. At the Court's direction, the parties filed a Joint Pre-Trial Order on September 26, 2017. ECF No. 32. On January 31, 2018, the parties notified the Court that they had reached a settlement in principle. ECF No. 35. On March 26, 2018, plaintiff's counsel filed a motion for settlement approval on behalf of the parties. ECF No. 37.

## DISCUSSION

### I. Standard for Approving FLSA Settlements

In <u>Cheeks v. Freeport Pancake House, Inc.</u>, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." 796 F.3d 199, 206 (2d Cir. 2015). Generally, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." <u>Clark v. Ecolab, Inc.</u>, 07 Civ. 8623 (PAC), 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010) (citing <u>Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dep't of Labor</u>, 679 F.2d 1350, 1354 (11th Cir. 1982)). To determine whether a FLSA settlement agreement is a reasonable compromise in a case that does not involve a certified class, the Court takes into account "(1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness of the settlement amount in light of the best possible recovery and all the risks of litigation." <u>Calle v. Elite Specialty Coatings Plus, Inc.</u>, No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081, at *2 (E.D.N.Y. Nov. 19, 2014) (citing <u>Peralta v. Allied Contracting II Corp.</u>, No. 09-CV-953 (NGG)(RER), 2011 WL 3625319, at *1 (E.D.N.Y. Aug. 1, 2011), <u>adopted</u>, 2011 WL 3625501 (E.D.N.Y. Aug. 17, 2011)).

In addition to assessing the reasonableness of the settlement agreement on the merits and the nature of the case, <u>Cheeks</u> highlighted the need for the Court to ensure that the settlement not offend the FLSA's "primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." <u>Cheeks</u>, 796 F.3d at 207. "Indeed, the statute's protections apply even 'to those who would decline its protections,' as employers might otherwise 'be able to use superior bargaining power to coerce employees…to

3

waive their protections under the Act.'" Mei Xing Yu v. Hasaki Restaurant, Inc., 319 F.R.D. 111, 112 (S.D.N.Y. 2017) (quoting Tony and Susan Alamo Foundation v. Secretary of Labor, 471 U.S. 290, 105 (1985). Furthermore, following Cheeks, courts in this Circuit have repeatedly rejected confidentiality provisions and general liability releases in FLSA settlement agreements. Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *3 (S.D.N.Y. Nov. 6, 2015) (collecting cases).

The Court also considers whether the settlement agreement reflects an arm's-length bargain between experienced counsel and whether fraud or collusion played any role. D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001); Lopez v. Nights of Cabiria, LLC, 96 F.Supp.3d 170, 176 (S.D.N.Y. 2015). The Court evaluates the reasonableness of any attorney's fees included in the proposed settlement. See 29 U.S.C. § 216(b); NYLL § 663(1). Although there is a "greater range of reasonableness" where "the parties settled on the fee through negotiation," Misiewicz v. D'Onofrio Gen. Contractors Corp., No. 08-CV-4377 (KAM)(CLP), 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010), the Court "must carefully scrutinize the settlement and the circumstance in which it was reached" to determine that there was no conflict between counsel's interest in fees and the plaintiff's interest in obtaining the best possible recovery. Wolinsky v. Scholastic, Inc., 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012).

**II. Instant Settlement Agreement**

The instant motion for settlement approval includes a copy the parties' proposed Settlement Agreement (the "Agreement") and a proposed Confession of Judgment. ECF No. 37. The basic terms of the Agreement provide that plaintiff will release defendants from "any and all claims or potential claims" and will seek dismissal of the instant case in exchange for $36,000.00. Agreement ¶ 1. Under the Agreement, plaintiff's counsel will receive $1,275.00 in costs and one third of the remaining settlement, totaling $11,575.00, in attorney's fees. Plaintiff's net recovery

will total $23,150.00. Under the Agreement, plaintiff and counsel will receive an initial payment of $11,000.00 followed by eighteen monthly installments of $1,388.89.[2] The Agreement states that "determination of the plaintiff's share, counsel fees, costs, is the responsibility solely of the plaintiff and his counsel, subject to Court approval." Agreement ¶ 1(a)-(s).

The Agreement contains a release whereby plaintiff releases defendants from any claims he may have brought under the FLSA, NYLL, New York Wage and Hour Law, New York State Commissioner of Labor regulations, New York City Administrative Code, and any common law claims related to his employment. Agreement ¶ 4. In addition to dismissing this case and releasing defendants of any past claims related to his employment, plaintiff has agreed to resign from his position within five days of the Court's approval of this settlement agreement. Agreement ¶ 3. The Agreement contains a non-disparagement clause that allows plaintiff to "make truthful statements about the underlying facts of the Litigation and litigating the case." Agreement ¶ 7.

The Agreement appears complete, but was submitted without the parties' signatures. While the Court may still approve the Agreement as reasonable, the motion should not have been filed without an executed copy of the proposed settlement agreement. Signatures of all parties to the Agreement are required to demonstrate that the parties have, in fact, agreed to be bound by the proposed settlement, subject only to the Court's approval. Therefore, the parties should immediately submit a corrected settlement agreement signed by all parties.

A. **Reasonableness**

To determine whether a settlement is reasonable, the Court must balance various factors. See Calle, No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081, at *2 (E.D.N.Y. Nov. 19, 2014).

---

[2] An error in the settlement agreement first appears in paragraph 1(m) regarding "Installment Thirteen" then follows in every paragraph through 1(s) "Installment Nineteen." Following the chronology of the payment plan as laid out in paragraph One, "Installment Thirteen" should take place Three Hundred and Sixty Days (360) "after the first payment in Installment One is due," not Three Hundred and Thirty Days (330) as listed. Every installment thereafter is off by thirty days. Plaintiff's counsel should submit a corrected settlement agreement prior to the Court's final approval.

The first factor to consider is the complexity, expense and duration of this case and future costs of proceeding to trial. Plaintiff commenced this action more than two years ago in April 2016. Unfortunately, even a single plaintiff's FLSA claim can take years to litigate. The parties have reached a settlement agreement following the close of discovery, but before expending additional resources on dispositive motions and trial preparation.

In determining reasonableness, the Court also considers the stage of the proceedings, the amount of discovery completed, and the challenges to establishing both liability and damages. The parties have engaged in discovery to address various issues related to liability and damages, and to gauge defendants' solvency. As plaintiff's counsel points out, there continues to be a genuine dispute in this action. Defendants have provided employment records, which "if credited, appear[] to contradict [plaintiff's] claims." Letter Motion for Settlement Approval, ECF No. 37. Thus, plaintiff faces a potential barrier to establishing both liability and damages. Moreover, defendants have provided plaintiff's counsel with evidence demonstrating their limited financial means. Having held a settlement conference with the parties, I credit plaintiff's counsel's diligence in obtaining the necessary financial records to substantiate defendants' claims of financial instability. The parties have demonstrated that the proposed settlement agreement is based on defendants' credible financial limitations and not defendants' desire to avoid compliance with the FLSA and the NYLL. See Cheeks, 796 F.R.D. at 205-206 (Judicial oversight of settlements is required in FLSA cases because "employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with the Act." (internal citations omitted)).

Plaintiff maintains that if he were to fully recover on all of the claims he alleged, he would be entitled to $146,495.00. Of that, the total back pay for plaintiff's minimum and overtime wages amounts to $45,257.00. Under the Agreement, defendants have agreed to pay $36,000.00, which

is approximately eighty percent of what plaintiff alleges he is owed in back wages. Plaintiff's net recovery is $23,150.00, which is more than fifty percent of what plaintiff alleges he is owed in back wages. Taking into account the genuine dispute as to liability and damages in this case, as well as defendants' financial situation, I find that plaintiff's recovery is fair and reasonable. Plaintiff's net recovery is significant in light of the risks he would face at trial. As plaintiff remains employed by defendant at this time, all parties will benefit from this case being resolved.

### B. Release & Non-Disparagement Clause

"[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." Mahalick v. PQ N.Y. Inc., No. 14 Civ. 899 (WHP), 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015) (internal citations omitted); see Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *6 (S.D.N.Y. Nov. 6, 2015) (noting that some courts have understood the aversion to overbroad releases as requiring that FLSA releases be limited to wage-and-hour claims). A release is overbroad if it "'confers an uncompensated, unevaluated, and unfair benefit on the employer....'" Lopez, 96 F.Supp.3d at 181 (quoting Moreno v. Regions Bank, 729 F.Supp.2d 1346, 1351 (M.D. Fla. 2010)). Under the instant Agreement, plaintiff agrees to release defendants from liability for any claims he may have had up until the date of the Agreement under the statutes and regulations pertaining to this lawsuit. Specifically, plaintiff agrees to release defendants from liability under the FLSA, NYLL, New York Wage and Hour Law, New York State Commissioner of Labor regulations, the New York City Administrative Code and all common law claims specifically related to his employment. Accordingly, the release contained in the Agreement is fairly tailored to the instant litigation and should be approved as fair and reasonable. See Yunda v. SAFI-G, Inc., No. 15 Civ. 8861 (HBP), 2017 WL 1608898, at *3 (S.D.N.Y. April 28, 2017) (collecting cases in which the Courts grant settlement approval containing general releases that are tailored to the claims brought in the original complaint).

Similarly, the non-disparagement clause in the Agreement is appropriately drafted to include a carve-out that allows the plaintiff to make "truthful statements about the underlying facts of the Litigation and litigating this case." Agreement ¶ 7. See Zapata v. Bedoya, No. 14-CV-4114 (SIL), 2016 WL 4991594, at * 2 (E.D.N.Y. Sept. 13, 2016) (An FLSA settlement agreement may not include a provision that "restricts an employee's ability to discuss his or her experience in litigating an FLSA wage and hour case" as it "runs afoul of the purposes of the FLSA and the 'public's independent interest in assuring that employees' wages are fair.'" (quoting Camacho v. Ess-A-Bagel, Inc., 14 Civ. 2592 (LAK), 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015)).

### C. Attorney's Fees

Under the Agreement, and in compliance with the terms of plaintiff's retainer agreement, the costs of this case ($1,275.00) will first be subtracted from the $36,000.00 gross settlement. Of the remaining $34,725.00, two-thirds ($23,150.00) will be distributed to plaintiff comprising his net award, and one-third ($11,575.00) will be distributed to plaintiff's counsel for their work on this case. While a one-third contingency fee is generally considered reasonable in this District, the Court must nevertheless be sure that the settlement agreement is fair to the plaintiff. "To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." Wolinsky, 900 F.Supp.2d at 336 (internal citations omitted). To assess the reasonableness of the proposed attorney's fees, a court will review "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done" to calculate the lodestar amount. Id. (citations omitted); see also Run Guo Zhang v. Lin Kumo Japanese Restaurant, Inc., No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. August 31, 2015). A court considers a number of factors in determining the reasonableness of the fee and may modify the fee award from the lodestar where appropriate.

See Wolinsky, 900 F.Supp.2d at 336 (citation omitted); see also Bogosian v. All American Concessions, No. 06-CV-1633 (RRM)(RML), 2012 WL 1821406, at *2 (E.D.N.Y. May 18, 2012).

Plaintiff's counsel submitted contemporaneous time records substantiating their work on this case as well as information related to counsel's expertise and hourly billing rates. Having reviewed counsel's contemporaneous billing records, I find that plaintiff's request that counsel receive one-third of the settlement agreement is fair and reasonable. While on the higher end of the spectrum, counsel's hourly rates are within the range that is accepted in this district. See Hall v. ProSource Technologies, LLC, 14-CV-2502 (SIL), 2016 WL 1555128, at *12 (E.D.N.Y. April 11, 2016) ("Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $30 per hour for associates and $70 to $100 per hour for paralegals."). Counsel's records are thorough and there is no evidence of overcharging. Counsel's total fee, as reflected in the attached billing records, amounts to $12,140.00, which is $565.00 more than what they will receive under the Agreement. Given the circumstances of this case, the work of the parties to resolve this matter, and counsel's contemporaneous time records, I find that plaintiff's request that counsel receive one-third of the settlement to be reasonable. Accordingly, I respectfully recommend that plaintiff's request for attorney's fees and costs should be granted.

**D. Payment Schedule**

Although I recommend that the motion for settlement approval should be granted,[3] I have one reservation and recommend a modification to address the issue. As presently drafted, the Agreement directs all payments to "Michael A. Faillace, Esq., as Attorney for Plaintiff" and "[d]etermination of the plaintiff's share, counsel fees, and costs, is the responsibility solely of the plaintiff and his counsel, subject to Court approval." The Court fails to see the fairness of such a

---

[3] Once a corrected Agreement is signed and filed.

9

clause. Plaintiff has agreed to settle his case to recover wages defendants should have paid him throughout his years of employment. Upon approval of this Agreement, plaintiff will no longer work for defendants. He should know precisely what he is agreeing to be paid and when he will receive each payment, and plaintiff's counsel should remain incentivized to make sure plaintiff timely receives his payments from defendants.

Accordingly, I respectfully recommend that the parties should be required to spell out the following payment schedule in the settlement agreement: the first installment of $11,000.00 should be paid within 30 days of the date the Court approves the settlement agreement; costs ($1,275.00) should be subtracted from the first installment and remitted to counsel; plaintiff should receive two-thirds of what remains ($6,483.33) and counsel should receive one-third ($3,241.67). Beginning with Installment Two, and continuing for each of the following 18 installments of $1,388.89, I recommend that the Agreement should be modified to explicitly state that plaintiff shall receive two-thirds ($925.93) of each installment and counsel shall receive the remaining third ($462.96) of each installment. The Court should not approve the settlement unless the Agreement's payment schedule is modified to specify what plaintiff will be paid and when.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that the parties' motion for settlement approval should be granted as modified to ensure that plaintiff receives two-thirds of each installment at the time each installment is paid (less costs). I further recommend that prior to final approval, the Court should require the parties to submit the final settlement agreement signed by all parties, modified as directed herein. The modified settlement agreement should be submitted immediately and should include a certification signed by plaintiff that the revised settlement agreement has been fully translated into Spanish.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/ Judge Lois Bloom

LOIS BLOOM
United States Magistrate Judge

Dated: April 24, 2018
       Brooklyn, New York