UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PROSPERO JUSTO SANCHEZ,

                Plaintiff,

    -against-

ALAN'S R E 99 CENTS & UP INC., *doing business as 99 Cents*, JENNY YANG'S R E 99 CENT STORE, *doing business as 99 Cents*, LEUNG LING, and LONG YANG JIANG,

                Defendants.
------------------------------------------------------------x



NOT FOR PUBLICATION
**ORDER**
16-CV-1881 (CBA) (LB)

**AMON, United States District Judge:**

Plaintiff Prospero Justo Sanchez brings this action against Alan's R E 99 Cents & Up Inc., Jenny Yang's R E 99 Cent Store, Leung Ling, and Long Yang Jiang to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-19, and New York Labor Law, Art. 6, §§ 190-99, and Art. 19, §§ 650-65. In January of 2018, the parties informed the Court that they had reached a settlement, and the Court referred review of the proposed settlement agreement to the Honorable Lois Bloom, U.S. Magistrate Judge, under Cheeks v. Freeport Pancake House, 796 F.3d 199, 206 (2d Cir. 2015). Magistrate Judge Bloom submitted a Report and Recommendation ("R&R") recommending that the Court grant the motion to approve the settlement agreement subject to several modifications outlined in the R&R. (D.E. # 38.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a

1

district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). The Court has reviewed the record and, finding no clear error, adopts the well-reasoned R&R as the opinion of the Court.

After Magistrate Judge Bloom filed her R&R, the parties submitted a revised settlement agreement, pursuant to the R&R's instructions. (D.E. # 40.) The Court finds that the revised settlement agreement to be fair and reasonable, and approves the revised settlement agreement.[1]

SO ORDERED.

Dated: May 29, 2018
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge

---

[1] The Court notes a typographical error in paragraph 1(a) of the revised settlement agreement. Plaintiff's Counsel is to receive $4,516.67 of the payment made in installment one. The revised settlement agreement mistakenly states that Plaintiff's Counsel will receive $4,156.67. The Court finds that the revised settlement agreement is fair and reasonable, and approves it with paragraph 1(a) modified to reflect the amount of $4,516.67.

2